IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-17-674 |
| | * | |
| BRYAN HERNANDEZ-SIERRA | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending are Bryan Hernandez-Sierra's pro se motions for compassionate release, which the court construes as pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF 50, 52). Hernandez-Sierra requests compassionate release on the basis of underlying health conditions (depression, anxiety, and sleep disorder).[1] The court is not persuaded that these underlying conditions rise to the level of "extraordinary and compelling reasons" warranting a sentence reduction within the meaning of § 3582(c)(1)(A)(i). Hernandez-Sierra states that his "weakened physical state" as a result of these conditions makes him more vulnerable to COVID-19, but he does not provide medical or other documentation supporting this assertion, nor does he allege that the Centers for Disease Control or other health organization has determined that these conditions are risk factors for developing serious illness related to COVID-19. Moreover, there is no indication that Hernandez-Sierra has exhausted his administrative remedies.[2] Accordingly, his request for compassionate release is denied.

To the extent Hernandez-Sierra also seeks relief under the CARES Act, (*see* ECF 50), the request is denied. While the CARES Act authorizes the Bureau of Prisons, in certain circumstances,

---

[1] Hernandez-Sierra's arguments related to his Security Level classification in the Bureau of Prisons will not be considered, as these arguments are outside the scope of relief a court may grant on a compassionate release motion.
[2] The court may consider a defendant's compassionate release motion only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

1

to lengthen the amount of time a defendant may be placed on home confinement, *see* CARES Act of 2020, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516, "[t]his provision does not authorize the court to order [a] defendant's placement in home confinement," *see United States v. Gray*, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020).

For the reasons explained above, Hernandez-Sierra's motions for compassionate release (ECF 50, 52) are DENIED.

So Ordered this  10  day of July, 2020.

                                                                       /s/
                                         Catherine C. Blake
                                         United States District Judge